```
1
2
3
4
5
6
7
                         UNITED STATES DISTRICT COURT
8                       WESTERN DISTRICT OF WASHINGTON
                                    AT TACOMA
9
10   CONNIE R. OLSON,
11                                              CASE NO.    C08-5003RJB
                    Plaintiff,
12                                              REPORT AND
           v.                                   RECOMMENDATION
13
     MICHAEL J. ASTRUE, Commissioner of         Noted for September 5, 2008
14   Social Security Administration,

15                  Defendant.

16
```

17    This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. §

18 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W.</u>

19 <u>v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the

20 undersigned recommends that the Court remand the matter for reconsideration.

21                                       INTRODUCTION

22    Plaintiff, Connie Olson, was born in 1956. She attended high school through the 11th grade, and

23 she has past relevant work experience as an adult care giver. Plaintiff has suffered from gastro-

24 esophageal reflux disease (GERD) for several years. In March 2004, she underwent a partial

25 gastrectomy, and she continues to experience related pain. Ms. Olson stopped working full time in June

26 2005, due to related pain (Tr. 266), and the fact that she was fired from her job for arguing with a

27 coworker (Tr. 267). She collected unemployment benefits until they ran out. In June 2006, she returned

28 to work, part-time (Saturdays and Sundays, approx. 14 hours each day) as an adult care giver until

REPORT AND RECOMMENDATION
Page - 1

October 2006. Plaintiff stated this job ended when "[her employer] fired me because I was sick a lot of the times and she said that I yelled at a resident." (Tr. 268).

Plaintiff filed an application for Social Security disability benefits on August 23, 2005, alleging that she has been disabled under the Social Security Act since June 11, 2005. (Tr. 55-59). Her application was denied initially and on reconsideration. (Tr. 33-35, 37-38). Ms. Olson filed a hearing request and a hearing was held before an Administrative Law Judge ("ALJ") on March 22, 2007. (Tr. 261-79). On April 19, 2007 the ALJ issued a decision in which he found that Ms. Olson was not disabled. (Tr. 18-29). The ALJ found that Ms. Olson's, GERD, in addition to chronic back pain and depression, are severe impairments, but they did not meet or equal any listing. (Tr. 23-24). The ALJ further found that Ms. Olson could lift and carry twenty pounds occasionally and ten pounds frequently; she can sit, stand, and walk for six hours in an eight hour day; she can only occasionally use ladders, ropes, or scaffolds, she should avoid concentrated exposure to hazardous conditions; and she is limited to simple, routine, repetitive work. (Tr. 24). The ALJ concluded Plaintiff could not perform any of her past relevant work, but, she could perform work as a small products assembler or photocopy machine operator. (Tr. 28-29). According, Plaintiff was found to be not disabled. Her application for social security benefits was denied.

Ms. Olson requested review of the ALJ's decision by the Appeals Council which, on September 17, 2007, issued an order granting her request for review. (Tr. 10-14). The Appeals Council then issued a decision adopting the ALJ's findings and conclusions and denying Ms. Olson's disability claim.

A timely Complaint was filed with the Court on January 3, 2008. Plaintiff alleges: (1) the ALJ failed to give appropriate weight to the opinion of Plaintiff's treating and examining physicians; (2) the ALJ failed to properly consider Plaintiff's testimony regarding her symptoms and limitations; (3) the ALJ failed to properly consider lay witness evidence; (4) the ALJ improperly determined Plaintiff's residual functional capacity; and (5) the Commissioner failed to meet the burden of showing that Plaintiff can perform any work in the national economy. Defendant counter-argues that the ALJ applied the proper legal standards and that the administrative findings and conclusions are properly supported by substantial evidence.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, Plaintiff argues the medical records from Dr. Kim, Dr. Mitchell, and Mr. Garland provide ample evidence that Ms. Olson has significant chronic generalized abdominal pain.  Plaintiff argues the ALJ improperly rejected the opinion of Dr. Mitchell, and he further argues, the ALJ failed to even mention the opinions of Dr. Kim and Mr. Garland. The undersigned agrees.

The medical providers opinions and reports during the relevant time period reflects the following. On June 29, 2004, Dr. Kim examined Plaintiff, and he diagnosed generalized, chronic abdominal pain.

(Tr. 185). Dr. Kim also wrote: "She does seem to be genuinely in pain. It seems that she is being underdosed with her current medications." (Tr. 185). On July 16, 2004, Dr. Kim reported that Marinol was helping Ms. Olson with her nausea, but since she was only taking it two times a day, there was one meal in which her appetite is less and nausea is increased. (Tr. 181).

In a treatment note dated May 17, 2005, Michael G. Garland, PA-C, wrote that Ms. Olson had been having "a difficult month," and that her pain "has been more severe. Also has severe nausea." (Tr. 155). Ms. Olson was also treated by Mr. Garland on October 8, 2004, November 2, 2004, December 6, 2004, January 3, 2005, February 3, 2005, March 1, 2005, March 29, 2005, April 26, 2005, May 17, 2005, July 20, 2005, and August 19, 2005. (Tr. 150-76).

On August 5, 2005, Jennifer Mitchell, M.D., diagnosed Ms. Olson with depression and prescribed Lexapro. (Tr. 131). In a treatment note dated August 22, 2005, Dr. Mitchell wrote: "The patient has chronic abdominal pain, status post partial gastrectomy." (Tr. 131). Dr. Mitchell also wrote: "I do think the patient would be a candidate for disability." (Tr. 131). Plaintiff's medications included, Hydrocodone-APAP, Oramorph, Marinol, Phenergan, Reglan, and Lexapro. (Tr. 146).

On June 23, 2006, Mr. Garland reported that Ms. Olson "has had to return to work. She works weekends as a caregiver to four people. She is not tolerating the increased activity well. She feels pressure to work due to financial burdens. Pain level is 9/10. 30% pain control with current regimen." (Tr. 233). In a treatment note dated October 6, 2006, Mr. Garland reported that Ms. Olson's pain "has been worse last month. Work load has increased. She is a caregiver for six patients every weekend. This has increased her overall pain and stress level." (Tr. 224). Ms. Olson was also treated by Mr. Garland on December 9, 2005, January 5, 2006, March 1, 2006, March 30, 2006, April 28, 2006, May 23, 2006, June 23, 2006, August 11, 2006, September 8, 2006, and November 2, 2006. (Tr. 216-18, 224-47, 251-56).

The ALJ did not provide clear and convincing reasons for rejecting or discounting the medical opinions. The ALJ states that he is rejected Dr. Mitchell's opinion because it is "brief and conclusory," and because "it is not supported by medically acceptable clinical or laboratory techniques and is inconsistent with other substantial evidence in the case record." (Tr. 26). The ALJ does not provide anymore detail, and significantly, the ALJ does not address the corroborating evidence provided by Dr. Kim and Mr. Garland. The ALJ fails to identify exactly what medical evidence in the record is

inconsistent with Dr. Mitchell's opinion. Presumably, the ALJ relied primarily on the opinion of the medical consultant's examination , dated October 11, 2005; however, the ALJ points out that the medical consultant did not properly consider claimant's reports of side effects from medications. As noted above, most of Ms. Olson's treatment came from Mr. Garland, working with Dr. Kim and Mr. Garland, and the ALJ should have discussed or addressed this evidence in more detail when he concluded Ms. Olson's pain was not as severe as alleged. On remand, the administration should assign the matter to an ALJ with specific instructions to reconsider all of the medical evidence, and if needed, the ALJ should retain a medical expert to assist in determining the severity of Plaintiff's pain and to identify significant changes in her medical condition during the relevant period.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the Administration for further proceedings. As discussed above, the court specifically finds the ALJ erred in his consideration of the medical evidence provided by Dr. Mitchell, Dr. Kim and Mr. Garland, which appears to support Plaintiff's complaints of disabling abdominal pain. In addition to reconsidering the medical evidence, on review the ALJ should also reconsider Plaintiff's credibility, the lay witness evidence, Plaintiff's RFC and whether or not Plaintiff is capable of performing other work within the national economy.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 5, 2008**, as noted in the caption.

DATED this 15th day of August, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge